**DEPARTMENT OF INDUSTRIAL RELATIONS, Plaintiff-Appellant v BOARD OF EDUCATION OF THE FRANKLIN TOWNSHIP RURAL SCHOOL DISTRICT, Defendant-Appellee.**

Ohio Appeals, 2nd District, Franklin County.

No. 3453. Decided September 11, 1942.

Thomas J. Herbert, Atty. Gen., Columbus; William J. Berwanger, Asst. Atty. Gen., Columbus, for plaintiff-appellant.

Ralph J. Bartlett, Pros. Atty., Columbus; Robert P. Barnhart, Asst. Pros. Atty., Columbus; Henry L. Holden, Asst. Pros. Atty., Columbus; Edmund B. Paxton, Asst. Pros. Atty., Columbus, for defendant-appellee.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal from the judgment of the Court of Common Pleas of Franklin County, Ohio.

On August 7, 1941, the Department of Industrial Relations of the State of Ohio, acting under authority of §1031 et seq GC, promulgated the following order to the appellee, The Franklin Township Rural School District:

"Public Building Order No. 5594—BRIGGSDALE SCHOOL, PORTABLE Nos. 1 & 2—Briggsdale, Ohio.

To protect the health and safety of the children attending this school, the portable frame buildings now being used for school purposes shall be discontinued and as a temporary set-up to relieve the conjested condition of the school. wooden floors may be installed in basement rooms of main building, proper heating, ventilation and electric lights shall be provided."

The Board of Education appealed from said order, as provided in §1032-1 GC, to the Court of Common Pleas of Franklin County, praying that said order be set aside because same was unreasonable and unnecessary.

The Common Pleas Court, after hearing the evidence now before this court in the bill of exceptions, set aside the order of the appellant.

Appellant's assignment of errors maintains that the judgment of the Common Pleas Court was contrary to law and against the weight of the evidence.

The pertinent section of the Code relative to inspection of all school houses and other designated buildings, reports of such inspections, recommended orders and service thereof, together with rights of appeal to the Court of Common Pleas are §§1031 to 1037 GC, inclusive, and the nature of such appeal is materially different from the usual appeals from administrative officers. Under the above sections, after notice of appeal, the Clerk of Courts shall forthwith notify the Department of the filing of such appeal. Thereafter the Department shall within twenty days make a complete transcript of the proceedings had before it and certify the same, together with all the original papers, to the Clerk of said Court. Within ten days after the filing of such transcript, the Department shall file a petition in the ordinary form against such appellant as defendant, and further pleadings shall be had in such case, according to the rules of civil procedure. The Court shall hear the matter upon such evidence as may be introduced by either party, and determine the rights of the appellants. If the court finds from the evidence that such order should be set aside, then the same shall be null and void and of no effect. If the Court finds in favor of the Department, then such order shall be continued in full force and effect. The section further provides that the decision of such Common Pleas Court shall be final.

In effect the prescribed procedure on appeal to the Common Pleas Court means a de novo hearing.

In considering the error proceedings in our court, we must keep in mind the statutory provision that the judgment of the Common Pleas Court shall be final.

The bill of exceptions is very short, containing the evidence of five witnesses, one on behalf of the Department and four on behalf of the Board of Education.

It is obvious that the Department in making its order recognized the necessity of making some provision from the nature of the room facilities for taking care of the school youth in the district. The main building did not have sufficient capacity to so do. To meet this situation the order provided a temporary set-up or installation in the basement of the main building. In close proximity to this main building were the two frame buildings, which are spoken of in the evidence as portables. These two buildings are one story in height and are constructed on foundations. The main objection to these buildings is that they are frame, and thereby more or less of a fire hazard.

The evidence presented on behalf of the Board of Education was directed mainly to two propositions:

1. The suitability of the frame buildings for school purposes with reference to light, ventilation and other pertinent conditions.

2. The unsuitability of the basement in the main building as a school room, its dampness, insufficient light through windows, adjacent to the furnace room from which coal dust would circulate unless made dust proof, also adjacent to the school kitchen and in-

stalled water fixture, and only one entrance, which it is urged is a hazard in the event of fire.

From the evidence introduced on the part of the Department we find that the general policy is to do away with all frame buildings. We are referred to §12600-44 and §12600-45 GC, which relate to the construction of school buildings and their classification. Section -45 provides, among other things, as follows:

"All buildings two stories high and less shall be of fire proof or composite construction."

Section 12600-75 GC defines composite construction.

The present frame buildings referred to as portables were constructed more than twenty years ago and before the enactment of the two sections above referred to. It is in evidence in unsatisfactory form that the frame buildings were constructed under plans approved by the state. If this be true, there should be somewhere a record of such approval, and the record would be the best evidence. However, the testimony went in by the statement of the president of the Board of Education, and apparently the Department is making no claim to the contrary.

Section 12600-278 GC, in substance provides that the act (§§12600-1 to 12600-283) shall not apply to the construction or erection of any public building or any addition thereto, or alteration thereof, the plans and specifications of which have been heretofore submitted to and approved by the Chief Inspector of Workshops and Factories.

While the testimony does not refer to the plans and specifications having been submitted to and approved by the Chief Inspector of Workshops and Factories, yet when the statement is made that such plans and specifications were approved by the state, this would mean the proper authorities representing the state.

Considering the record in its entirety, we are constrained to the view that no manifest error appears in the decision of the trial court and that the judgment must be affirmed.

Costs in this court will be adjudged against the appellants.

GEIGER, PJ., HORNBECK, J., concur.